**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTIAN OWENS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 24-5411 |
| | : | |
| **STEPHANIE PACOVSKY** | : | |

## MEMORANDUM

**KEARNEY, J.**  November 22, 2024

Police arrested a man on parole in July 2024 arising from a 2019 conviction. The Commonwealth charged him in July 2024 with violating parole and held him in custody awaiting his parole violation hearing. The parole hearing officer found the man violated his parole in August 2024. The man (while awaiting his parole hearing before a state court judge) pro se sought habeas relief here in early October as a pretrial detainee awaiting his sentence on the parole violation. He argues innocence, ineffective assistance, excessive punishment, and the hearing officer considered inadmissible evidence. A state court judge held a hearing on October 30, 2024 before finding the man violated his parole and sentenced him to a term ending on December 4, 2024. The man does not challenge the judge's ruling. We now review on an expedited basis given the release date and liberally construe the early October 2024 petition as being brought as either a pretrial detainee or based on his recent October 30, 2024 sentence. We deny his petition as a pretrial detainee as moot as the state court judge entered judgment on October 30, 2024. We deny his petition to the extent he challenges the October 30, 2024 sentence because he failed to exhaust his remedies in state court. We deny his petition for habeas relief and find no basis for a certificate of appealability.

I. **Background**

The Commonwealth charged Christian Owens with robbery in June 2019.[1] Berks County Court of Common Pleas Judge Yatron sentenced Mr. Owens to a minimum of six months to a maximum of twenty-three months term of imprisonment and a maximum of three years' probation on December 26, 2019.[2] The Commonwealth paroled Mr. Owens at an unpleaded time.

Police again arrested then-parolee Mr. Owens on July 18, 2024 for drugs and assaultive conduct and the Commonwealth charged him with violating his parole.[3] The Commonwealth confined Mr. Owens in the Berks County Jail pending an August 29, 2024 *Gagnon I* hearing.[4] Hearing Officer Adam Bechdel found Mr. Owens in violation of the conditions of his parole and held him over pending a *Gagnon II* hearing.[5] Mr. Owens alleges his confinement is unlawful in violation of the due process clause of the United States and Pennsylvania Constitutions because his parole agent Stephanie Pacovsky provided inadmissible hearsay evidence, his assigned public defender Chad Hienz rendered ineffective assistance, he is not guilty of parole violations, and the parole recommendation to "max out" his term of imprisonment is "bias [sic] and unwarranted and also excessive in punishment."[6]

Mr. Owens prepared a habeas petition dated September 25, 2024 but the petition did not receive a postmark until October 8, 2024.[7] Mr. Owens asks us to grant his habeas petition, schedule an evidentiary hearing, and "discharg[e]" him.[8]

In the meantime, Berks County Court of Common Pleas Judge Geishauser scheduled a *Gagnon II* hearing for October 7, 2024.[9] The docket shows someone cancelled the October 7, 2024 *Gagnon II* hearing and rescheduled it for October 30, 2024.[10] Judge Geishauser granted the Commonwealth's motion to revoke Mr. Owens's probation at the October 30, 2024 *Gagnon II* hearing and ordered Mr. Owens recommitted to serve the maximum sentence originally imposed.[11]

2

Mr. Owens's maximum sentence ends December 4, 2024.[12] Mr. Owens remains incarcerated at the Berks County Jail.

## II. Analysis

Mr. Owens does not identify how we can grant him habeas relief under federal law. The Commonwealth moves to dismiss the habeas petition arguing: (1) Mr. Owens's challenge to pre-sentence incarceration under 28 U.S.C. § 2241 is now moot because Judge Geishauser sentenced him on the parole violation on October 30, 2024; and (2) Mr. Owens's challenge to post-sentence incarceration (presumably under 28 U.S.C. § 2254) has not been exhausted in state court. We agree with the Commonwealth and dismiss Mr. Owens's habeas petition regardless of how liberally we construe his undefined pro se basis for relief.

### A. Mr. Owens's request for pre-trial detainee habeas relief is moot.

Congress, through 28 U.S.C. § 2241, authorizes federal courts to issue writs of habeas corpus to pre-trial detainees "in custody in violation of the Constitution or laws or treaties of the United States."[13] Mr. Owens's habeas petition challenges his detention before his October 30, 2024 *Gagnon II* hearing. But Mr. Owen's pre-*Gagnon II* challenge to his detention became moot once Judge Geishauser revoked Mr. Owens's parole and recommitted him to serve the remainder of his maximum sentence at the October 30, 2024 *Gagnon II* hearing.

Congress's grant of relief through section 2241 is "not the proper vehicle" to challenge "detention pending trial."[14] Mr. Owens is no longer a pre-trial detainee having been sentenced on his July 2024 parole violation. His habeas petition challenging his pre-hearing incarceration ended with his sentencing on October 30, 2024 and is moot.[15] Mr. Owens lacks standing now to challenge the period of pre-hearing detention unless he can demonstrate continuing collateral consequences to meet Article III's "case or controversy" or "injury" requirement.[16] Mr. Owens's must

3

demonstrate collateral consequences exist to avoid having his petition dismissed as moot.[17] He did not plead continuing collateral consequences.

We dismiss Mr. Owens's section 2241 habeas petition as moot without prejudice to the filing of a habeas petition under section 2254 once he exhausts his state court remedies.

### B. Mr. Owens did not exhaust his post-sentencing habeas request.

The Commonwealth next argues a claim for post-sentencing habeas relief under 28 U.S.C. § 2254 must be dismissed for lack of exhaustion. Congress, through section 2254, authorizes the federal courts to issue a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[18]

Congress, through the Antiterrorism and Effective Death Penalty Act ("AEDPA"), limits our review of state court judgments.[19] We may not grant a habeas petition "unless … the applicant has exhausted the remedies available in the courts of the State[.]"[20] A claim is unexhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented" but does not do so.[21]

A habeas petitioner exhausts his state remedies by giving "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."[22] In Pennsylvania, one complete round of the appellate review process is presentation of constitutional issues through the Pennsylvania Superior Court.[23] It is the petitioner's burden to demonstrate exhaustion.[24]

Mr. Owens's claim, assuming it is from Judge Geishauser's October 30, 2024 Order, is not exhausted. Pennsylvania Rule of Appellate Procedure provides a thirty day appeal period from the entry of a final order.[25] We are currently within the thirty day period within which Mr. Owens can

appeal. A search of the public docket of the Pennsylvania Superior Court does not show Mr. Owens appealed from Judge Geishauser's October 30, 2024 Order recommitting him to serve the remainder of the maximum of his sentence.[26] We dismiss Mr. Owens's habeas request (to the extent he seeks post-sentencing habeas relief under section 2254) without prejudice for him to exhaust his state court remedies.

### C. We deny a certificate of appealability.

We find no basis for a certificate of appealability. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."[27] We may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."[28] Mr. Owens "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[29] We decline to issue a certificate of appealability. Reasonable jurists could not disagree with our resolution of Mr. Owens's claims.

## III. Conclusion

We deny Mr. Owens's habeas petition and deny a certificate of appealability.

---

[1] We take judicial notice of the public docket sheets of the Court of Common Pleas of Berks County and attached to the Commonwealth's Motion to dismiss. ECF 6.

[2] Docket entries, *Commonwealth v. Owens*, CP-06-CR-0002846-2019, ECF 6-1 at 7.

[3] ECF 3 ¶ 2.

[4] ECF 3 at 7-8. In *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), the Supreme Court held probationers are entitled to two hearings when a violation of probation is alleged; a preliminary hearing held at the time of arrest and detention to determine whether the violation is supported by probable cause ("*Gagnon I*" hearing) and a second "more comprehensive hearing" before a court issues a final

revocation order ("*Gagnon II*" hearing). *Commonwealth v. Mayfield*, 247 A.3d 1002, 1003 n. 2 (Pa. 2021) (citing *Gagnon*, 411 U.S. at 782).

[5] ECF 3 ¶ 3, 7-8.

[6] *Id.* ¶5, 9 (Gagnon II Worksheet listing his probation officer's July 18, 2024 recommendation he serve the maximum sentence until December 4, 2024).

[7] ECF 3 at 3, 10, 11.

[8] *Id.* at 3.

[9] Docket entries, *Commonwealth v. Owens*, CP-06-CR-0002846-2019 at 14.

[10] *Id.* at 1.

[11] ECF 6-2.

[12] *Id.*; ECF 3 at 9.

[13] *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442, n. 5 (3d Cir. 1975)).

[14] *Reese v. FDC*, 904 F.3d 244, 247 (3d Cir. 2018).

[15] *Weikert v. Pechishen*, No. 22-3450, 2023 WL 3260556, *2 (E.D. Pa. Mar. 9, 2023), *report and recommendation adopted by* 2023 WL 3260730 (E.D. Pa. May 4, 2023) (collecting cases).

[16] *Id. See also Rhoads v. Superintendent of Berks Cnty. Jail Sys.*, No. 23-5093, 2024 WL 3287821, at *2-*3, n.14 (E.D. Pa. June 14, 2024), *report and recommendation adopted,* No. 23-5093, 2024 WL 3276410 (E.D. Pa. July 2, 2024) (dismissing as moot a section 2241 habeas petition of pre-trial detainee before entering a plea and sentencing).

[17] *Whichard v. Officers*, No. 22-4083, 2024 WL 2279598, *3 (E.D. Pa. Apr. 16, 2024) (quoting *DeFoy v. McCullough*, 393 F.3d 439, 442, n.3 (3d Cir. 2005), *report and recommendation adopted*, No. 22-4083, 2024 WL 2278137 (E.D. Pa. May 20, 2024).

[18] 28 U.S.C. § 2254(a).

[19] *Id.* § 2254.

[20] *Id.* § 2254(b)(1)(A).

[21] *Id.* § 2254(c).

[22] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

---

[23] *Lambert v. Blackwell*, 387 F.3d 210, 232-34 (3d Cir. 2004).

[24] *DeFoy*, 393 F.3d at 442.

[25] Pa. R. App. P. 903(a).

[26] A check of the public docket confirms Mr. Owens petitioned for writ of mandamus in the Pennsylvania Superior Court on October 25, 2024 before the *Gagnon II* hearing. *Owens v. Martin*, 36 MDM 2024 (Pa. Super. Ct.). The Pennsylvania Superior Court dismissed Mr. Owens's petition for a writ of mandamus as moot on November 4, 2024 without prejudice to allow him to seek relief in the trial court, explaining mandamus is generally not available under Pennsylvania law as a vehicle to obtain appellate review. *See* docket at 36 MDM 2024.

[27] 28 U.S.C. § 2253(c)(1)(A).

[28] *Id.* § 2253(c)(2).

[29] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).